IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :

SUNSET MARINE OF PUERTO          :        CASE NO. 12-09083 (MCF)
RICO, INC.                                      :
                                                :
          Debtor                                :        CHAPTER 11
                                                :
_____ :

SUNSET MARINE OF PUERTO          :
RICO, INC.                                      :        ADVERSARY NO.     12-00427
                                                :
          Plaintiff                             :
                                                :
vs.                                             :
                                                :
TRACKER MARINE, LLC & MAKO       :
MARINE INTERNATIONAL, LLC,       :
f/k/a MAKO MARINE INTERNATIONAL, :
INC., BASS PRO GROUP               :
                                                :
          Defendants                            :
                                                :
_____ :

## OPINION AND ORDER

Before the court are the motion to dismiss, abstain and/or remand filed by defendants Tracker Marine, LLC, Bass Pro Group and Mako Marine International, LLC, f/k/a Mako Marine International, Inc. (hereinafter collectively referred to as "Tracker") and the opposition thereto filed by the plaintiff Sunset Marine of Puerto Rico, Inc. (hereinafter referred to as the "Debtor"). For the reasons stated below, the court remands this adversary action. Consequently, the automatic stay is modified to allow Tracker to proceed to a final, firm and unappealable judgment in the action before the United States District Court for the Western District of Missouri ("Missouri case"); however, Tracker is barred from executing any judgment in its favor against Debtor.

## I. BACKGROUND

Prior to the removal, Tracker filed a three count complaint against Debtor and its principals, Juan Carlos Nieto Rodríguez and María Teresa Perea Fernández (hereinafter collectively referred to as "Principal"), regarding a distribution agreement between the parties in the Missouri case. Debtor answered the complaint raising various affirmative defenses including a defense under Puerto Rico's Law 75, 10 L.P.R.A. § 278-278(e). Debtor and Principal filed a counterclaim seeking a refund on

warranty claims, damages for breach of contract, damages for implied warranty and unjust enrichment as well as an award of attorney's fees and costs. Debtor also moved to have the Missouri case transferred to Puerto Rico but said request was denied.

A month later, Principal filed a complaint against Tracker Marine Group in the Commonwealth of Puerto Rico, Court of First Instance, San Juan Part. Debtor was not a party to the local court action. The local court granted a motion to stay the proceedings after determining that the claims were substantially similar to those at issue in the Missouri case.

In the Missouri case, the trial was initially set for October 20, 2012; however, counsel for the Debtor withdrew legal representation. The court then granted Debtor until November 11, 2012, to obtain new counsel and until November 18, 2012, to respond to a motion for contempt and sanctions and other pending motions. The trial was rescheduled for December 3, 2012.

On November 14, 2012, Debtor filed a voluntary petition under Chapter 11, thereby staying the Missouri case.[1] On November 27, 2012, Debtor commenced an adversary action (Adv. No. 12-411) against Tracker, seeking damages for breach of contract under a distribution or representation agreement under Puerto Rico's Law 75 or Law 21, respectively.

On December 18, 2012, Debtor removed the Missouri case to this court in the instant case (Adv. No. 12-427), pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027. Tracker moved to dismiss the case or in the alternative to remand or abstain from the case (Docket Nos. 8 & 9). Debtor replied and moved to strike Tracker's memorandum of law in support of the motion to dismiss (Docket Nos. 10, 12 & 13).[2]

In the bankruptcy case, Tracker had moved for relief from the automatic stay to proceed with the Missouri case but their request was denied as premature until the court resolved the pending

---

[1] The Missouri case has resumed against the Principal who have not sought bankruptcy relief. Trial is set for February 10, 2014 (Docket No. 28).

[2] The motion to strike is unclear as to which dockets are to be stricken from the record. The motion to strike makes mention of the following docket entries 8, 13, 14, 15 and 16. However, Docket No. 8 is the motion to dismiss and Docket No. 13 is Tracker's opposition to the motion to strike. Docket No. 14 is Tracker's motion to appear telephonically. Both Docket Nos. 15 and 16 are court orders.

motion to dismiss or abstain in the adversary case.[3]

On June 18, 2013, the court conducted a hearing regarding the pending motion to dismiss and the matter was taken under advisement.

**II. DISCUSSION**

A. Parties' Contentions

Tracker contends in its motion to dismiss and memorandum of law that: 1) Debtor's adversary proceeding consists entirely of non-core common law claims regarding a pre-petition contract between the parties, which should be decided by a jury trial before an Article III court; 2) the Notice of Removal should be quashed and dismissed due to impressible cross-judicial district removal and failure to copy all of the pleadings from the Missouri District Court case; and 3) Debtor filed both the bankruptcy petition and this adversary case in bad faith as a forum-shopping exercise and in an effort to delay and avoid the looming motion for sanctions and trial date in the Missouri case.

Debtor opposes Tracker's motion to dismiss claiming that Tracker has no other recourse but to have the dispute heard in Puerto Rico because the Missouri case was correctly removed to Puerto Rico. As a result of the removal, Debtor claims that the court is unable to abstain from this action because there is no longer a pending case in Missouri.

B. Jurisdiction

Section 1334 of title 28 establishes the district court's jurisdiction to hear bankruptcy cases and proceedings. "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for each district." 28 U.S.C. § 157(a).

In our district, the Resolution dated July 19, 1984, refers all cases under title 11 and any or all proceedings "arising under" title 11 or "arising in" under title 11 or "related to" a case under title 11 to the bankruptcy court. This court also has the authority to enter final decisions in all cases under title 11 and all core proceedings which "arise under" title 11 or "arise in" under title 11, pursuant to 28 U.S.C. §§ 1334 and 157(a) & (b)(1). With respect to cases that are "related to" title 11, also

---

[3] In re Sunset Marine of Puerto Rico, Inc., Case No. 12-09083, Docket Nos. 22 and 49.

known as "non-core" proceedings, the bankruptcy courts may hear those proceedings but cannot issue final findings of fact and conclusions of law unless all the parties to the proceeding consent to the bankruptcy judge rendering a final adjudication.[4] 28 U.S.C. § 157(c)(1)-(2).

Debtor alleges that this adversary action is primarily a core proceeding because it "arises in" the Chapter 11 bankruptcy case because the distribution agreement involves an asset of the bankruptcy estate and will likely affect the administration of the estate (Docket No. 1).[5] However, Tracker claims that this adversary action is a non-core proceeding and is not "related to" the bankruptcy case.[6]

The term "core proceeding" is undefined in the Bankruptcy Code. However, the Code does provide a descriptive list of core proceedings in 28 U.S.C. § 157(b)(2). A core proceeding that "arises in" a bankruptcy is not based on any right expressly created by title 11, but "acts as the residual category of civil proceedings and includes such things as administrative matters." 1 Collier on Bankruptcy ¶3.01[3][e][iv](Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).[7] A "related to" proceeding "extends to matters concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights", In re Santa Clara Cnty. Child Care Consortium, 223 B.R. 40, 43 n.4 (BAP 1st Cir. 1998), and "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." In re Middlesex Power Equip. & Marine, Inc., 292 F.3d. 61, 68 (1st Cir. 2002).

We find that the instant case does not fall under the "arising in" a case under title 11 because the complaint brought by Tracker against Debtor in the Missouri case was seeking a declaratory judgment concerning the parties' rights under a contract. The counterclaim asserted by Debtor against Tracker is

---

[4] Both parties demanded a jury trial. Tracker does not consent to conducting a jury trial in the bankruptcy court. Consequently, a jury trial would have to be heard in the district court. 28 U.S.C.§ 157(e).

[5] Adversary Complaint at pages 2-3, Docket No. 1.

[6] Motion for Abstention at page 10, Docket No. 7; Motion to Dismiss or for Abstention, at pages 9-10, Docket No. 8; and Memorandum of Law at pages 5-6, Docket No. 9.

[7] A core proceeding that "arises under" title 11 is one in which the cause of action is created or determined by a statutory provision of title 11. 1 Collier on Bankruptcy ¶3.01[3][e][i](Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012). None of the parties contend that the adversary proceeding is one that "arises under" title 11.

for failure to perform warranty work on various Tracker boats, failure to pay valid warranty claims and that Tracker has been unjustly enriched. Neither the complaint nor the counterclaim can conceivably be considered administrative matters that fall under "arising in" title 11. None of these claims involve administrative matters but substantive state law rights.[8]

As a consequence, the instant adversary proceeding is a non-core proceeding that falls squarely under the "related to" type of jurisdiction. Both actions would and could survive outside of bankruptcy and if it had not been for the bankruptcy filing of Debtor, the actions would have been or could have been resolved in a non-bankruptcy forum. In fact, both parties agree that this action involves state law issues but disagree which state law applies.

C.  Remand

Tracker contends that the jury trial must be heard in the Missouri District Court because the notice of removal is improper and void under 28 U.S.C. § 1452(a) in that the bankruptcy removal statute does not permit cross-judicial district removal. Debtor argued that he removed the proceeding to the bankruptcy court in Puerto Rico from Missouri pursuant to a Resolution dated July 19, 1984, referring all cases and proceedings under title 11 to the bankruptcy court.

This leads us to the examine the bankruptcy removal statute, 28 U.S.C. § 1452, and its procedural rule, Fed. R. Bankr. P. 9027. It must be pointed out that under 28 U.S.C. § 1452(a) removal is only permitted to the same district where the civil action is pending. This can be understood from a plain reading of the bankruptcy removal statute, which states that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [28 USCS § 1334].

---

[8] At the initial scheduling conference held on March 27, 2013, Debtor claims that at the trial of the declaratory judgment it will be able to amend the pleadings during the trial, although Law 75 action was not asserted in the counterclaim. At the hearing held on June 12, 2013, Tracker indicated that the Law 75 action was alleged as an affirmative defense in the complaint before the Missouri case. Debtor somehow was under the impression that it was foreclosed from trying its Law 75 action; but Tracker conceded that it was a triable issue before the Missouri District Court action.

28 U.S.C. §1452(a)(emphasis added).

In addition, Fed. R. Bankr. P. 9027 states that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court <u>where the civil action is pending</u>." Fed. R. Bankr. P. 9027(a)(1)(emphasis added).

"Removal to the district court in the district where the state case is pending is mandated by statute and implemented by rule." <u>In re Funquest Vacations, Inc.,</u> 1998 WL 124222 (Bankr. E.D. Pa. Feb. 5, 1998). In <u>In re Newport Creamery, Inc.,</u> 275 B.R. 179, 181 (Bankr. D.R.I. 2002), the U.S. Bankruptcy Court for the District of Rhode Island denied an application for removal of a state court civil litigation to the bankruptcy court of another district court, which was not where the civil action was pending. The court stated "The Applicants have ignored the clear language of the statute in trying to fit within the mechanics of the removal procedure. The statute, which is unambiguous, requires the application for removal to be filed with 'the district court for the district where [the] civil action is pending.' 28 U.S.C. § 1452." <u>Newport Creamery,</u> 275 B.R. at 181.

Thus, given that the original civil action is in Missouri, then the notice of removal should be filed with the clerk for the District Court for the District of Missouri. This would mean that the litigation would be removed to the same court where it had been removed from, which would obviously be nonsensical and improper. <u>In re Mitchell</u>, 206 B.R. 204, 209 (Bankr. C.D. Cal. 1997) ("Removal of lawsuit to the same United States District Court where that lawsuit was already pending is not allowed by 28 U.S.C. § 1452(a). Thus, the lawsuit must be remanded to the district court as improperly removed."). From a simple examination of both the bankruptcy removal statute and the procedural rule, it can clearly be gathered that removal is only authorized towards the district court for the geographical area where the case to be removed is pending. Hence, the instant case must stay within the district and division where the civil action is pending, i.e. the Missouri District Court.

Therefore, the Court finds that the removal of this civil action improper and remands the case to the U.S. District Court for the Western District of Missouri.

As a result of our determination to remand the adversary proceeding, as improperly filed, the court denies the motion to strike and shall modify the automatic stay to allow the action in the U.S. District Court for the Western District of Missouri to continue to final, firm and unappealable judgment. Tracker is barred by the automatic stay to execute any judgment obtained against Debtor; however, Tracker may pursue the judgment, if any, in the bankruptcy court.

## ORDER

WHEREFORE, the court remands the adversary case to United States District Court for the Western District of Missouri, for improper cross-district removal, pursuant to 28 U.S.C. § 1452(a) and Fed. R. Bankr. P. 9027(a)(1).

Consequently, the court denied the motion to strike and modifies the automatic stay to allow the action, styled Tracker Marine, LLC & Mako Marine International, LLC, f/k/a Mako Marine International, Inc. vs. Sunset Marine of Puerto Rico, Inc., San Juan Carlos Nieto Rodriguez and Maria Teresa Perea Fernandez, designated Case No. 11-3238 before the United States District Court for the Western District of Missouri, to proceed to final, firm and unappealable judgment. Tracker Marine, LLC & Mako Marine International, LLC, f/k/a Mako Marine International, Inc. are barred by the automatic stay to execute any judgment that they may obtain in their favor against Sunset Marine of Puerto Rico, Inc.; however, they may pursue their award in the United States Bankruptcy Court for the District of Puerto Rico.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 24th day of July 2013.

*Mildred Caban*

MILDRED CABAN FLORES
U. S. Bankruptcy Judge